UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>C. GIPSON, et al.,<br><br>　　　　Defendants. | 1:14-cv-01405-LJO-GSA-PC<br><br>ORDER RE PLAINTIFF'S REQUESTS FOR STATUS<br>(Docs. 15, 17.) |

**I.　BACKGROUND**

Dale Owen Dustin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 25, 2014, at the United States District Court for the Northern District of California. (Doc. 1.) On September 2, 2014, the case was transferred to the Eastern District of California. (Doc. 8.) Plaintiff's Complaint awaits the court's requisite screening under 28 U.S.C. § 1915A.

On December 15, 2014 and February 5, 2015, Plaintiff filed requests for status of his case. (Docs. 15, 17.)

**II.　PLAINTIFF'S REQUESTS**

Plaintiff requests the status of his case. The court does not ordinarily respond in writing to requests for status of cases. As a one-time courtesy, the court offers this response, but

Plaintiff should not continue to file written requests for status of his case. Plaintiff shall receive notice in this action as a matter of course.[1] All documents filed in this action shall be served upon all parties who have appeared in this action, including Plaintiff. Plaintiff can be assured that he will receive notice, at his address of record, of rulings made in this case and deadlines established in this case, provided he keeps the court informed of his current address.

The court ordinarily screens complaints in the order in which they are filed at the court and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the court, and delays are inevitable despite the court's best efforts. Plaintiff's Complaint will be screened in due time.

### III. CONCLUSION

Based on the foregoing, Plaintiff's requests for status of his case, filed on December 15, 2014 and February 5, 2015, are RESOLVED.

IT IS SO ORDERED.

Dated: **February 9, 2015**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is required to keep the court informed of his current mailing address. Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made."