UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>C. GIPSON, et al.,<br><br>　　　　Defendants. | 1:14-cv-01405 LJO GSA PC<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AN AMENDED COMPLAINT<br><br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . . applies only to a plaintiff's factual allegations." Nietze v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting Ivey v.Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this action against defendant correctional officials employed by the CDCR at Corcoran. Plaintiff names several individual defendants.

Plaintiff's statement of claim consists of 43 pages of rambling narrative, and is written in a small script which is difficult to read. Plaintiff refers to various conditions of his confinement, and sets forth conclusory allegations. In order to state a claim, Plaintiff must simply set forth his legal claim and factual allegations in support of his claim. Plaintiff must allege conduct as to each defendant that deprived Plaintiff of a constitutional right.

Although accepted as true, "factual allegations must be sufficient to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief." Which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold and individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

As noted, the court must screen the complaint prior to service upon defendants.  28 U.S.C. § 1915A(b),(1), (2).   At the screening stage, the court is only determining whether Plaintiff states a colorable claim for relief.  Should Plaintiff state a claim for relief, the court will direct service of process.  A schedule for litigation will be set, including the opportunity to engage in discovery.  Plaintiff does not need to prove his case at this stage of the litigation.  The court is only determining whether Plaintiff states a colorable claim.  Legal argument and evidence are not required at this stage of the litigation.[1]

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner.  Plaintiff is advised that this court has pending before it many prisoner civil rights cases.  In the interest of judicial efficiency and in the interest of timely addressing the many constitutional claims before it, the court therefore directs Plaintiff to file an amended complaint that complies with the following conditions:

    1. The amended complaint must be legibly written or typewritten on forms supplied by the court and signed by Plaintiff.

    2. The form must be completed in accordance with the instructions provided with the forms.

---

[1] While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, he is only obligated to provide "a short and plain statement of [his] claim."  Plaintiff is not obligated to prove the allegations in the complaint at this stage.  Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

3. The amended complaint must be a short, simple and concise statement of Plaintiff's claim.

4. Additional pages beyond those allowed in the court's form may not exceed 25 pages without leave of court.

5. The court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller in size than standard elite type.

6. Plaintiff's failure to file an amended complaint in compliance with this order will result in a recommendation that this action be dismissed for Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated: **May 16, 2015**         **/s/ Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE