UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>C. GIPSON, et al.,<br><br>　　　　　Defendants. | 1:14-cv-01405-LJO-GSA-PC<br><br>ORDER DISREGARDING MOTION FOR EXTENSION OF TIME AS MOOT<br><br>ORDER DENYING MOTION FOR RETURN OF PROPERTY<br><br>(ECF No. 24.) |

On July 22, 2015, Plaintiff filed a motion for extension of time and a motion for return of his property. (ECF No. 24.)

**I.     MOTION FOR EXTENSION OF TIME**

Plaintiff requests an extension of an unspecified deadline in this action. The only court deadline pending in this case is a deadline to file the First Amended Complaint, and court granted Plaintiff a thirty-day extension of time to file the First Amended Complaint on July 24, 2015. Therefore, the extension of time requested by Plaintiff has already been granted, and Plaintiff's present motion is moot.

**II.     MOTION FOR RETURN OF PROPERTY**

Plaintiff also requests a court order directing prison officials to return his property to him. Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of

Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

Plaintiff seeks a court order requiring prison officials at Corcoran State Prison to return his personal property.

By separate order issued on May 18, 2015, the court dismissed Plaintiff's Complaint and granted him leave to file an amended complaint which will supercede the Complaint.  (ECF No. 19.)  On July 24, 2015, Plaintiff was granted a thirty-day extension of time to file the amended complaint.  (ECF No. 23.)  Therefore, at this juncture, there is no operative complaint on file, and the court does not have before it an actual case or controversy.  Thus, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

**III.   CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for extension of time, filed on July 22, 2015, is DISREGARDED as moot; and
2. Plaintiff's motion for return of his property, filed on July 22, 2015, is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

  Dated:   **August 4, 2015**            **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE