UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>            Plaintiff,<br><br>    v.<br><br>C.GIPSON, et al,<br><br>            Defendant. | 1:14-cv-01405-LJO-GSA (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE FIRST AMENDED COMPLAINT<br><br>ORDER DENYING MOTION FOR RETURN OF PROPERTY<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 26.)<br><br>THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

On August 13, 2015, Plaintiff filed a motion for extension of time and for appointment of counsel. (ECF No. 22.)

**I.     MOTION FOR EXTENSION OF TIME**

Plaintiff requests an extension of an unspecified deadline in this action, because he was recently transferred to administrative segregation and does not have access to his property. The only court deadline pending in this case is a deadline to file the First Amended Complaint. Therefore, good cause appearing, Plaintiff shall be granted an extension of time to file the First Amended Complaint.

1

## II. MOTION FOR RETURN OF PROPERTY

Plaintiff also requests a court order directing prison officials to return his property to him. On August 5, 2015, the court issued an order denying Plaintiff's prior motion for return of property, for lack of jurisdiction. The present motion for return of property is not materially different than Plaintiff's prior motion. Therefore, Plaintiff's motion for return of property shall be DENIED as moot.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also requests appointment of counsel to assist him with litigation of this case, because he lacks access to his property and is unable to conduct any investigation himself. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's Complaint was dismissed on May 18, 2015, for failure to state a claim, with leave to amend. To date, Plaintiff has not filed an amended complaint. Thus, there is no complaint on record in this case for which the Court has found cognizable claims. It is too early for service of process, and no other parties have yet appeared. Moreover, the court does not find that Plaintiff cannot adequately articulate his claims or respond to the court's orders. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel

///

at a later stage of the proceedings. Therefore, Plaintiff's motion for the appointment of counsel shall be denied, without prejudice.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Good cause appearing, Plaintiff is GRANTED thirty days from the date of service of this order in which to file his First Amended Complaint, pursuant to the court's order of May 18, 2015;

2. Plaintiff's motion for return of property is DENIED as moot; and

3. Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 19, 2015**            **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE