UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>   Plaintiff,<br><br>vs.<br><br>C. GIPSON, et al.,<br><br>   Defendants. | 1:14-cv-01405-LJO-GSA-PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS ENTERED ON OCTOBER 9, 2015<br>(ECF No. 28.)<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>ORDER DENYING MOTION FOR RETURN OF PROPERTY, WITHOUT PREJUDICE<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 30.)<br><br>SIXTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

On October 9, 2015, the Court entered findings and recommendations to dismiss this case for Plaintiff's failure to state a claim, based on Plaintiff's failure to file an amended complaint pursuant to the Court's order of May 18, 2015. (ECF No. 28.) On November 9, 2015, Plaintiff filed objections to the findings and recommendations, a motion for return of his property, and a motion for appointment of counsel. (ECF No. 30.)

I.      **PLAINTIFF'S OBJECTIONS**

Plaintiff objects to the findings and recommendations to dismiss this action, arguing that could not comply with the Court's May 18, 2015 order because he is not in possession of his property. Plaintiff asserts that since his transfer to Kern Valley State Prison, where he is housed in administrative segregation, his property has not been returned to him and therefore he is unable to prepare and an amended complaint.

Based on Plaintiff's objections, the Court finds good cause to vacate the findings and recommendations issued on October 9, 2015, and to grant Plaintiff additional time in which to prepare and file a First Amended Complaint. The Court shall grant Plaintiff a sixty-day extension of time. Should Plaintiff require additional time, he should file a motion for extension of time before the expiration of the sixty-day deadline.

## II.   MOTION FOR RETURN OF PROPERTY

Plaintiff also requests a Court order directing prison officials at Corcoran State Prison to return his property to him. Plaintiff asserts that more than five boxes of his property have been withheld from him for the past six months, and therefore he cannot litigate his case or meet court deadlines.

The Court does not have sufficient information to rule at this time regarding what property was taken and why. The Court also notes that there is no operative Complaint on file in this case, and therefore Plaintiff's motion shall be denied without prejudice. If Plaintiff is still prevented from responding to Court orders, he should describe his lack of access to property in more detail, and the Court will revisit the issue. Therefore, Plaintiff's motion for return of property shall be DENIED without prejudice to renewal of the motion at a later stage of the proceedings.

## III.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also requests appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances at this time. Plaintiff previously filed a motion for appointment of counsel on August 13, 2015, which was denied on August 20, 2015, and Plaintiff's circumstances have not changed since then. As Plaintiff was advised in the Court's order, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's Complaint was dismissed on May 18, 2015, for failure to state a claim, with leave to amend. To date, Plaintiff has not filed an amended complaint. Thus, there is no complaint on record in this case for which the Court has found cognizable claims. It is too early for service of process, and no other parties have yet appeared. Moreover, the Court does not find that Plaintiff cannot adequately articulate his claims. Therefore, Plaintiff's motion for the appointment of counsel shall be denied, without prejudice.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on October 9, 2015, are VACATED;
2. Good cause appearing, Plaintiff is GRANTED sixty days from the date of service of this order in which to file a First Amended Complaint, pursuant to the Court's order of May 18, 2015; and
3. Plaintiff's motion for return of his property is DENIED without prejudice; and
4. Plaintiff's motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 1, 2015**        /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE