UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>    Plaintiff,<br><br>  vs.<br><br>C. GIPSON, et al.,<br><br>    Defendants. | 1:14-cv-01405-LJO-EPG-PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br>(ECF No. 32.)<br><br>ORDER DENYING MOTION FOR RETURN OF PROPERTY AS MOOT<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME<br>(ECF Nos. 33, 34.)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

I. **BACKGROUND**

   Plaintiff, Dale Owen Dustin ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 25, 2014.  (ECF No. 1.)

   On January 4, 2016, Plaintiff filed a motion for appointment of counsel and for return of his personal property.  (ECF No. 32.)  On March 17, 2016 and April 11, 2016, Plaintiff filed

motions for extension of time to file an amended complaint.  (ECF Nos. 33, 34.)  Plaintiff's motions are now before the Court.

## II.       MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  At this early stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's Complaint was dismissed on May 18, 2015 for violation of Rule 8(a), with leave to amend (ECF No. 19), and to date Plaintiff has not filed an amended complaint.  Thus, there is no complaint on record in this case for which the Court has found cognizable claims.  It is too early for service of process, and no other parties have yet appeared.  Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

## III.      MOTION FOR RETURN OF PROPERTY

Plaintiff requests a Court order directing prison officials to locate his personal property and return it to him.  On April 26, 2016, the Court received notice that Plaintiff's property was returned to him on April 22, 2016.  (ECF No. 36.)  Based on this notice, Plaintiff's motion is moot and shall be denied as such.

///

**IV.     MOTIONS FOR EXTENSION OF TIME**

Plaintiff requests an extension of time to file an amended complaint, pursuant to the Court's order of May 18, 2016.  Plaintiff asserts that since his transfer from Corcoran State Prison to Kern Valley State Prison, where he is housed in administrative segregation, his property has not been returned to him and therefore he has been unable to prepare and file an amended complaint.  As noted above, the Court received notice that Plaintiff's property was returned to him on April 22, 2016.  The Court finds good cause to grant Plaintiff an extension of time to file an amended complaint.

**V.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for appointment of counsel is DENIED without prejudice;

2.     Plaintiff's motion for the return of his property is DENIED as moot;

3.     Plaintiff's motions for extension of time to file an amended complaint are GRANTED;

4.     Within thirty days from the date of this order, Plaintiff is required to file an amended complaint, pursuant to the Court's order of May 18, 2015;

5.     No further extensions of time shall be granted without a showing of good cause; and

6.     Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to obey a Court order.

IT IS SO ORDERED.

Dated:  __May 2, 2016__                              __/s/ Erica P. Grosjean__
                                                    UNITED STATES MAGISTRATE JUDGE