UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE DUSTIN,<br><br>        Plaintiff,<br><br>   vs.<br><br>C. GIPSON, et al.,<br><br>        Defendants. | 1:14-cv-01405-LJO-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DENYING PLAINTIFF'S REQUEST FOR TRANSFER<br><br>(ECF No. 39.)<br><br>THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT |

      Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. On June 9, 2016, Plaintiff filed a motion for extension of time to file an amended complaint. (ECF No. 39.) Plaintiff also seeks a Court order transferring him to another prison facility. (Id.)

**I.     MOTION FOR EXTENSION OF TIME**

      Plaintiff requests an extension of time to file an amended complaint, pursuant to the Court's order of May 18, 2015 (ECF No. 19). Plaintiff claims that his personal property was taken from him by prison officials and only some of it was returned. Plaintiff asserts that he does not have his law books, leisure books, some of his legal paperwork, toothbrush, toothpaste, palmbrush, dental floss, soups, soap, or coffee.

      Plaintiff has not shown good cause for another extension of time. Plaintiff has not explained why he needs all of his missing property, or even some of his missing property, to

prepare and file an amended complaint.  The Court offered Plaintiff guidance in the May 18, 2015 screening order, instructing him to file an amended complaint clearly stating, in his own words, what happened to violate his rights.[1]   Plaintiff was advised to name each individual defendant by name, describe where that defendant is employed and in what capacity, and explain how that defendant acted to violate his rights.  Plaintiff was also advised that he does not need to set forth legal argument or evidence at this stage of the litigation.  Plaintiff has not explained why he cannot follow the Court's instructions without access to his missing property.

Moreover, Plaintiff has had ample time to file an amended complaint.  Plaintiff has been granted multiple extensions of time, and more than a year has passed since the Court ordered Plaintiff to file the amended complaint.

The Court is inclined to deny Plaintiff's motion for extension of time.  However, in an abundance of caution, the Court shall allow Plaintiff one last extension of time to file an amended complaint.  Plaintiff shall be granted thirty days from the date of this order in which to comply with the Court's May 18, 2015 screening order.  **No further extensions of time shall be granted without a showing of good cause.**

## II.    PRELIMINARY INJUNCTIVE RELIEF

Plaintiff requests a Court order transferring him to another prison.  The Court construes Plaintiff's request as a motion for preliminary injunctive relief.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary

---

[1] In the May 18, 2015 screening order, the Court found that Plaintiff's Complaint, which included more than 48 pages of rambling and conclusory allegations, did not contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .", as required by Rule 8 of the Federal Rules of Civil Procedure.  (ECF No. 19.)

matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Plaintiff is presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, and seeks a Court order requiring officials at KVSP to transfer him to another prison facility of his choosing. Plaintiff requests "judicial override for transfer to either a federal prison (such as Lompoc) or to Lancaster or Donovan or (CHCF) Stockton Medical Facility. . ." (ECF No. 39 at 1.)

The Court lacks jurisdiction in this case to require prison officials at KVSP to transfer Plaintiff, because none of the KVSP officials are defendants in this case. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Therefore, Plaintiff's request for transfer must be denied.

### III. CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff is GRANTED one last extension of time until thirty days from the date of service of this order, to file an amended complaint in compliance with the Court's screening order issued on May 19, 2015; and

2. Plaintiff's request for transfer to another prison facility, filed on June 9, 2016, is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated: **July 28, 2016**        /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE