UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>            Plaintiff,<br><br>       v.<br><br>C. GIPSON, et al.,<br><br>            Defendants. | 1:14-cv-01405-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR INCREASED PAGE LIMIT<br>(ECF NO. 48) |

On October 12, 2016, Dale Dustin ("Plaintiff") filed a motion seeking the appointment of counsel and an increased page limit for his First Amended Complaint. (ECF No. 48).

**I.     MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. At this early stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's Complaint was dismissed on May 18, 2015, for violation of Rule 8(a), with leave to amend (ECF No. 19), and to date Plaintiff has not filed an amended complaint. Thus, there is no complaint on record in this case for which the Court has found cognizable claims. It is too early for service of process, and no other parties have yet appeared. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

## II. MOTION FOR INCREASED PAGE LIMIT

Plaintiff also requests that the page limit for his First Amended Complaint ("FAC") be increased from 25 pages to 50 pages. When the Court[1] screened Plaintiff's original Complaint, it required that the FAC comply with six conditions, one of which was that the FAC cannot exceed 25 pages, absent Court approval. (Id.). Plaintiff suggests that he needs the additional pages to fully set out his claims. However, the Court has already screened Plaintiff's Complaint and determined that 25 pages should be sufficient. (Id.).

Additionally, on September 6, 2016, the Court entered an order granting Plaintiff a final thirty day extension of time to file his FAC. (ECF No. 43). Therefore, the time for Plaintiff to file his FAC has already expired, and Plaintiff's request that his page limit be increased is moot. Findings and Recommendations recommending that this case be dismissed will be issued in the near future.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED WITHOUT

---

[1] Magistrate Judge Gary S. Austin was the presiding magistrate judge at the time.

1 | PREJUDICE; and

2. Plaintiff's motion to increase the page limit of Plaintiff's FAC is DENIED.

IT IS SO ORDERED.

Dated: **October 13, 2016**          /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE