UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>      Plaintiff,<br><br>    v.<br><br>C. GIPSON, et al.,<br><br>      Defendants. | 1:14-cv-01405-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE (ECF NO. 19)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

     Dale Dustin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 25, 2014. (ECF No. 1). On May 18, 2015, the Court[1] directed Plaintiff to file an amended complaint. (ECF No. 19). The Court also notified Plaintiff that failure to file an amended complaint in compliance with the order would result in a recommendation that this action be dismissed for Plaintiff's failure to prosecute. (Id. at p. 4). Plaintiff was granted

---

[1] Magistrate Judge Gary S. Austin was the presiding magistrate judge on this case until September 13, 2015. (ECF No. 29).

1

numerous extensions of time to file an amended complaint (ECF Nos. 23, 31, 37, and 40), so on September 6, 2016, the Court entered an order granting Plaintiff a final thirty day extension (ECF No. 43).  The time period has expired, and Plaintiff has not filed an amended complaint.  Therefore, the Court recommends that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.[2]

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for over two years, since June of 2014.  Additionally, Plaintiff was initially given thirty days from May 18, 2015, to file an amended complaint.  (ECF No. 19).  It is now October of 2016, and the amended complaint still has not been filed.  While Plaintiff did request (and was granted) numerous extensions, his final extension has now expired.  (ECF No. 43).

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Pagtalunan 291 F.3d at 642 (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to filed an amended complaint that is causing delay.  The case is now over two years old, and there has not been an operative complaint for almost a year and a half.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the

---

[2] The Court notes that on October 9, 2015, it issued a similar Findings and Recommendations (ECF No. 28), but later vacated the Findings and Recommendations based on Plaintiff's objection (ECF No. 31).

Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed without prejudice, based on Plaintiff's failure to prosecute the case and failure obey the Court's order of May 18, 2015.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 13, 2016**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3