# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>            Plaintiff,<br><br>       v.<br><br>C. GIPSON, et al.,<br><br>            Defendants. | 1:14-cv-01405-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFFS MOTION FOR RECONSIDERATION, MOTIONS FOR TRANSFER, MOTIONS REQUESTING PRO BONO COUNSEL, AND REQUEST FOR DOCUMENTS<br>(ECF NOS. 42, 44, & 47) |

Dale Dustin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 14, 2016, the Court issued findings and recommendations, recommending that this action be dismissed without prejudice based on Plaintiff's failure to prosecute and failure to obey the Court's order of May 18, 2015.[1] (ECF No. 50).

On August 31, 2016, Plaintiff filed a motion for reconsideration of the Court's order denying his transfer request, a request for a copy of his original complaint and a copy of the Court's May 18th, 2016, screening order, and a request for pro bono counsel. (ECF No. 42). On September 12, 2016, Plaintiff filed a renewed motion for transfer and a request for pro bono counsel. (ECF No. 44). On September 26, 2016, Plaintiff filed a renewed motion to be transferred to avoid imminent physical harm and to get appropriate medical care. (ECF No. 47). For the reasons described below, all three motions, as well as all requests in the motions, will be denied, without prejudice.

---

[1] Magistrate Judge Gary S. Austin was the presiding magistrate judge on this case until October 13, 2015. (ECF No. 29).

1    As for Plaintiff's request for a copy of the original complaint and a copy of the Court's May 18th, 2016, screening order, Plaintiff was already provided with those documents. (ECF No. 43). Therefore, this request will be denied as moot.

As to Plaintiff's requests for pro bono counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on reh'g en banc, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." (Id.) (internal quotation marks and citations omitted).

While there is a question about Plaintiff's ability to articulate his claims *pro se*, given that the Court has issued findings and recommendations that this case be dismissed, Plaintiff's request for pro bono counsel will be denied without prejudice. If the Court's findings and recommendations are not adopted Plaintiff can file another request for pro bono counsel.

As for Plaintiff's motions to transfer (which the Court construes as motions for preliminary injunctive relief), the Court does not currently have jurisdiction to hear the matter at this time. Federal courts are courts of limited jurisdiction, and in considering a request for preliminary injunctive relief the Court is bound by the requirement that, as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. (Id.). Here, there is no operative complaint, and the Court has recommended that this case be dismissed. Therefore, the Court does not have jurisdiction to

hear Plaintiff's motions to transfer at this time. Accordingly, Plaintiff's motions to transfer will be denied without prejudice. If the Court's findings and recommendations are not adopted, Plaintiff may file another motion to be transferred.

As to Plaintiff's motion for reconsideration, it will be denied because it does not meet any of the requirements of Federal Rule of Civil Procedure 60(b). Nothing has changed regarding the Court's lack of jurisdiction to hear the matter since the Court denied Plaintiff's motion for transfer.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a copy of the original complaint and a copy of the Court's May 18th, 2016, screening order is DENIED AS MOOT;
2. Plaintiff's requests that he be appointed pro bono counsel are DENIED WITHOUT PREJUDICE;
3. Plaintiff's motions to transfer are DENIED WITHOUT PREJUDICE; and
4. Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  **November 1, 2016**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE