UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>              Plaintiff,<br><br>     v.<br><br>C. GIPSON, et al.,<br><br>              Defendants. | 1:14-cv-01405-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF NO. 60) |

Dale Dustin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 25, 2014.  (ECF No. 1).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On October 14, 2016, Magistrate Judge Erica P. Grosjean entered findings and recommendations, recommending that this action be dismissed without prejudice for Plaintiff's failure to comply with a court order and failure to prosecute.  (ECF No. 50).  The Court adopted those findings and recommendations.  (ECF No. 56).  On November 28, 2016, Plaintiff filed a motion for reconsideration (ECF No. 60), which is now before the Court.

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff has failed to show that he meets any of the above-mentioned reasons for granting relief from the order adopting Magistrate Judge Erica P. Grosjean's findings and recommendations. Instead, Plaintiff reiterates arguments he has already made, and submits evidence that is almost entirely irrelevant. As to the evidence regarding Plaintiff's bad eyesight, even if Plaintiff's bad eyesight did excuse his nearly illegible hand writing, it does not excuse the fact that Plaintiff failed to obey the 25 page limit for his first amended complaint that is laid out in Magistrate Judge Gary S. Austin's[1] order (ECF No. 19).

Accordingly, it is ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  **December 8, 2016**          /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Magistrate Judge Gary S. Austin was the presiding magistrate judge on this case until October 13, 2015. (ECF No. 29).